## DAVID RUTTER AND COMPANY, A CORPORATION

### *v.*

### STATE OF ILLINOIS.

#### *Opinion filed December 22, 1916.*

CONTRACTS—*facts which will justify recovery on.* In this claim, the specifications recited that delivery of coal could be made by rail, when such was not the case, the State representative was aware of the fact, but the claimant was not. *Held,* that claimant was not bound by price fixed in contract, but could recover a reasonable price.

Thomas D. Nash, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimant entered into a contract with the State Board of Administration for supplying coal to the Peoria State Hospital at Bartonville for the year ending July 1, 1915.

Claimant, previous to the making of the contract, had secured a copy of the specifications for bidders, as prepared and furnished by the Board of Administration, and in these specifications it was recited that the Peoria State Hospital was accessible by the Peoria & Pekin Union Railway, and it was provided that coal should be delivered in car load lots, f. o. b. on the siding at the hospital. The specifications were not appliable alone to the hospital, but to all institutions under the control of the Board of Administration. Certain of the institutions it appeared from the specifications had no side tracks, and it was provided that at such institutions delivery should be by wagon.

It appears that there was a track to the Bartonville institution, but this track, while constructed by the railroad company mentioned, was on the property of another, and prior to the making of this contract, the railroad company had been enjoined by the Circuit Court of Peoria County from transporting cars of coal over said tracks except such cars as contained coal from the mines of the owners of the land. This fact was known by the Board of Administration, but was unknown to the claimant.

About August 1, 1914, claimant tendered coal to the railroad company for delivery to the hospital, but the railroad company refused to receive same, because of the existence of the injunction. Thereupon the president of the claimant company advised the Board of Administration of the fact, stating that it would be impossible for him to perform his contract. The necessities of the hospital were urgent, and claimant was advised to make deliveries as best it could. Thereupon, claimant made arrangements for delivery by wagon. This, however, necessitated the expenditure of 75c per ton for delivery from the nearest point on the

railroad to the hospital. To make deliveries in this manner, claimant expended $12,873.59, and it now seeks to recover this amount from the State, claiming that it was impossible to perform the contract, that in making its bid it had acted upon the representation that the hospital was accessible to the railroad, while in fact it was not, and that the direction to it by the Board of Administration to make deliveries as best it could, as it was apparent that it was impossible to perform the contract, amounted in effect to a new contract. As we view this case, either no contract in fact existed, due to the fact that the minds of the parties had not met, or if it existed, then a new contract was made when the claimant, after refusing to deliver under the contract as executed, was instructed to make deliveries. It is unnecessary for the the purposes of this case to determine which was the actual state of affairs. Certainly, delivery on the side track at the hospital was an essential ingredient of the contract. Accordingly, we do not believe that claimant is barred from recovery by article IV section 19 of the constitution.

The State concedes that there is some equity in claimant's claim.

We are of the opinion that, due to the fact that claimant has innocently sustained this loss, due entirely to the facts as above stated, that it is entitled to recover, and it is accordingly the judgment of this Court that claimant be awarded the sum of $12,873.59.